IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| REGINALD K. BALL,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. DESIREE SCHMIDT,<br><br>Defendant. | CV-22-83-H-SEH<br><br><br>ORDER |

Plaintiff Reginald K. Ball ("Ball"), proceeding in forma pauperis and without counsel, filed suit alleging constitutional violations associated with his incarceration.[1] The original complaint failed to state a claim for federal relief, so Ball was allowed to amend, if able to do so. The amended complaint[2] similarly fails to state a claim for relief. It is dismissed.

## ANALYSIS

The amended complaint is based upon the same claim as originally asserted in which the defendant Sgt. Desiree Schmidt ("Schmidt") allegedly threatened him.[3] Ball asserts that Sgt. Schmidt's alleged threat was a violation of his Eighth

---

[1] Doc. 1.
[2] Doc. 18.
[3] Doc. 18 at 5.

Amendment rights because he suffered fear and anxiety as a result of the alleged threat.[4]

"Verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."[5] Under the Prison Litigation Reform Act, "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."[6] This provision "requires a prior showing of physical injury that need not be significant but must be more than de minimis."[7]

Ball has alleged no physical injury.

## CONCLUSION

The Court has screened Ball's Complaint and determined that it fails to state a claim upon which relief may be granted. The Amended Complaint will be dismissed.

**ORDERED:**

1.     The Amended Complaint[8] is **DISMISSED** for failure to state a claim for relief.

---

[4] Doc. 18 at 5.
[5] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983), *overruled in part on other grounds* by *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).
[6] 42 U.S.C. § 1997e(e).
[7] *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).
[8] Doc. 18.

2.      The Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

3.      The Clerk of Court is directed to have the docket reflect that the Court certifies under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant amended complaint is frivolous as it lacks arguable substance in law or fact.

4.      Dismissal of this action counts as one **STRIKE** against him.[9]

DATED this 17th day of February, 2023.

_Sam E. Haddon_
Sam E. Haddon
United States District Court Judge

---

[9] 28 U.S.C. § 1915(e)(2)(B)(ii); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011).